## HOLMES vs. TRAMPER.

T. gave his note which was partly written and partly printed. The printed portion conclude with the words, " with interest at." After the note was delivered to the payee, the words and figures " 10 per cent" were added after the printed word "at," without the knowledge or consent of the maker. The plaintiff was a *bona fide* holder before maturity. *Held*, that the alteration should be treated as a forgery, and that the case was not such as would bring it within the rule which would hold the maker liable on the ground of negligence.

Error to Washtenaw Circuit.

*Opinion by* CHRISTIANCY, J.—This was an action brought by Holmes against Tramper on a promissory note signed by the latter, which was partly printed and partly in writing, a printed blank having been used. The following is a copy of the note :

$400.

One year after date I promise to pay to Lyman Terry or bearer, four hundred dollars at the first National Bank of Ann Arbor, value received, with interest at 10 per cent.

JACOB TRAMPER.

There was evidence tending to show that the note had been al-

tered. after it was delivered to the payee, by adding after the printed word " at," the " 10 per cent," and that this alteration was made without the knowledge or consent of the maker. The plaintiff was conceded to be a *bona fide* holder before maturity, and the only question in the case was whether the wrongful alteration of the note rendered it void in the hands of the plaintiff, and constituted a defence as against him in favor of the maker.

Unless the note, *as signed*, can be treated as a note given in blank, so far as relates to the rate of interest, giving the payee or holder the right to fill the blank by inserting the rate, the alteration must be treated as a forgery, since it is one which, if valid, would enlarge the liability of the maker. And the Court was satisfied that the note was a complete and valid instrument when it stopped at the word " at." The word may have been disregarded, being in print, or may have been overlooked, and the Court considered that there was no such blank as would warrant the payee in inserting the interest clause.

Counsel for plaintiff in error, however, contended that, though there may be forgery in this note, the peculiar facts of the case bring it within a principle that the maker was guilty of negligence in leaving a blank apparently intended for the insertion of the rate per cent. unfilled, and instead of. drawing a line through the blank, or erasing the word " at," to indicate that it was not to be filled, and that he thereby invited and facilitated the forgery in a manner calculated. to impose upon innocent parties and that he must therefore, as between him and such innocent parties, be held to pay the note in itered form in the same manner as if it had been originally drawn.

*Held*, That upon principle, and according to the weight of authority, the liability of the maker upon the note, as altered, cannot be maintained: Where the party is made to sustain the loss, the person causing it has usually been his agent, or the party by his acts or negligence has authorized the person sustaining the loss to consider him as such. And where one has been held liable for negligence, he has been held liable only for the shape of the instrument as it went from his hands, and not as criminally altered by some third party. Such a crime could create no contract.